IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF TALON INDUSTRIES,<br>    Plaintiff, | )<br>)<br>)<br>) | |
| v. | ) | 7:13-CV-54-BO |
| AMEC ENVIRONMENT & INFRASTRUCTURE, INC., *et al.*,<br>    Defendants. | )<br>)<br>) | |
| UNITED STATES OF AMERICA FOR USE AND BENEFIT OF STRUCTURAL ASSOCIATES, INC.,<br>    Plaintiff, | )<br>)<br>)<br>)<br>) | |
| v. | ) | 7:13-CV-77-BO |
| AMEC ENVIRONMENT & INFRASTRUCTURE, INC., *et al.*,<br>    Defendants. | )<br>)<br>)<br>) | |

## ORDER

These causes come before the Court on a motion by defendant AMEC Environment & Infrastructure (AMEC) to consolidate these matters with an earlier filed action, AMEC v. Talon Industries and Structural Associates, Inc., No. 7:13-CV-21-BO. A hearing was held on the matters before the undersigned on October 17, 2013, at Raleigh, North Carolina. For the reasons discussed below, AMEC's motion to consolidate is granted.

## BACKGROUND

All three of these actions arise out of a construction project in Onslow County to replace a buried fiberglass-reinforced pipeline at the Marine Corps' Air Station located near the New River.

AMEC was the general contractor on the pipeline project and held a contract for project with the United States Navy. Structural Associates (Structural) was a first tier subcontractor that contracted with Talon Industries (Talon) to perform excavation activities. During the construction period, the existing pipeline cracked and 9,000 gallons of jet fuel was spilled. In the first filed action, AMEC sued Structural and Talon seeking, *inter alia*, to recover environmental remediation expenses related to the spill. In two separate, later filed actions, Structural and Talon brought Miller Act claims against AMEC as well as Zurich American Insurance Company (Zurich), from which AMEC obtained a Miller Act payment bond in the amount of $2,890,914 for the pipeline project. Those cases seek, *inter alia*, performance on the payment bond by Zurich and payment for services rendered and work accepted by the Navy.

## DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure permits consolidation of actions involving common questions of law or fact. This Court has broad discretion in determining whether to consolidate actions pending before it. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). While Rule 42(a)(2) would permit a court to merge causes of actions into a single case, the majority of courts still subscribe to the traditional rule, which provides that consolidated actions must retain their separate characters. *See Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 (3d ed.). This Court will follow the traditional rule. *See Bess v. Cnty of Cumberland, N.C.*, No. 5:11-CV-388-BR, 2011 WL 4809879 (E.D.N.C. October 11, 2011).

AMEC has demonstrated that consolidation of these cases is appropriate here. The three

cases each arise out of the same construction project and involve common questions of fact. While Structural and Talon contend that their subsequently-filed actions involve only a discrete issue of law and are not related to AMEC's remediation claim, the Court is not convinced that its economy and resources would not be better served by considering all of the matters between these parties that relate to the pipeline project in the same action. Moreover, Structural and Talon have each raised counterclaims against AMEC in the first filed action, alleging identical claims to those brought in their subsequently filed actions against AMEC. With the addition of Zurich as a counterclaim defendant in the first filed action, the claims and parties and each of these cases would be identical or so substantially similar as to not warrant repetition of the parties' and the Court's efforts. Accordingly the Court hereby CONSOLIDATES cases 7:13-CV-21-BO, 7:13-CV-54-BO, and 7:13-CV-77-BO. Case number 7:13-CV-21-BO shall serve as the lead case.

## CONCLUSION

For the foregoing reasons, AMEC's motion to consolidate is GRANTED. These three actions shall proceed under the caption at case number 7:13-CV-21-BO. The parties are DIRECTED to file consolidated pleadings within fourteen (14) days of the date of entry of this order to reflect consolidation of these matters and to add any claims or parties to the lead action as appropriate. For this reason, the Court DENIES WITHOUT PREJUDICE AMEC's motion to dismiss counterclaim and motion to strike filed in the lead case. [DE 17 & 19]. Such motion may be refiled once the parties and pleadings have been supplemented to reflect consolidation. The clerk is DIRECTED to enter this order in each of the now-consolidated actions and to administratively close the files of cases 7:13-CV-54-BO and 7:13-CV-77-BO. At the appropriate time, these matters shall be reopened so that judgment may be entered therein.

3

AMEC's motion to stay discovery pending ruling on the motion to consolidate is DENIED AS MOOT. The scheduling order entered in the lead case at docket entry thirty-five now applies to the consolidated action; should this order require amendment in light of consolidation, the parties shall request such amendment in a timely manner.

SO ORDERED, this  21  day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4