IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:13-CV-21-BO

| | |
|---|---|
| AMEC ENVIRONMENT & INFRASTRUCTURE, INC., f/k/a AMEC EARTH & ENVIRONMENTAL, <br><br> Plaintiff, <br><br> v. <br><br> STRUCTURAL ASSOCIATES, INC. and TALON INDUSTRIES, INC., <br><br> Defendants/Third-Party Plaintiffs, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br> Third-Party Defendant. | **ORDER** |

This consolidated case comes before the court on the motion (D.E. 61) by plaintiff AMEC Environment & Infrastructure, Inc., f/k/a AMEC Earth & Environmental ("AMEC"), and Third-Party Defendant Zurich American Insurance Company ("Zurich") (collectively "moving parties"), pursuant to Fed. R. Civ. P. 37(a)(3)(A), (B)(iv), to compel initial disclosures and discovery from defendants/third-party plaintiffs Structural Associates, Inc. ("Structural") and Talon Industries, Inc. ("Talon"). In support of the moving parties' motion, they filed a memorandum (D.E. 62) and exhibits (D.E. 61-1 through 61-18 and D.E. 62-1 through 62-22). Neither Structural nor Talon filed any response to the motion, and the time for doing so has expired. The motion has been referred to the undersigned for disposition pursuant to 28 U.S.C. §

636(b)(1)(A). (*See* Minute Entry after D.E. 73). For the reasons set forth below, the motion will be allowed.

## BACKGROUND

I. PRE-CONSOLIDATION PROCEEDINGS IN INSTANT CASE BY AMEC

On 29 January 2013, AMEC, a general contractor, commenced this action, case no. 7:13-CV-21-BO, against Structural and Talon. (*See* Compl. (D.E. 1)). In its complaint, AMEC alleges that Structural, its subcontractor, and Talon, Structural's subcontractor, are responsible for losses arising from a 9 August 2011 release of 9,000 gallons of kerosene-based jet fuel at the Marine Corps Air Station in Jacksonville, North Carolina. (*Id.* ¶¶ 1, 22-32). AMEC asserts claims against Talon for negligence (*id.* ¶¶ 47-49); gross negligence (*id*. ¶¶ 50-53); strict liability (*id*. ¶¶ 54-58), violations of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, as amended in the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), Pub.L. No. 99–499, 100 Stat. 1613 (*id. ¶¶* 59-66); breach of contract (*id.* ¶¶ 67-72); contractual indemnity (*id.* ¶¶ 73-77); intentional misrepresentation (*id.* ¶¶ 78-84); and unfair and deceptive trade practices (*id.* ¶¶ 85-89). AMEC asserts claims against Structural for vicarious liability (*id.* ¶¶ 90-92); negligence (*id. ¶¶* 93-95); strict liability (*id*. ¶¶ 96-100); violations of CERCLA and SARA (*id*. ¶¶ 101-08); breach of contract (*id.* ¶¶ 109-13); and contractual indemnity (*id.* ¶¶ 114-20).

A Scheduling Order (D.E. 35) was entered in this case on 11 September 2013. In it, the court approved the parties' proposal to exchange initial disclosures within 30 days (Sched. Order 2, adopting Disc. Plan ¶ 2) and set a discovery deadline of 1 April 2014 (Sch. Ord. ¶ 1).

On 11 October 2013, Structural and Talon served their initial disclosures. (Structural Init. Disc. (D.E. 61-5); Talon Init. Disc. (D.E. 61-6)). In the disclosures, Structural and Talon stated that they would produce insurance policies pursuant to Rule 26(a)(1)(A)(iv) (requiring provision "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment"). (Structural Init. Disc. ¶ 4 ("A copy of an insurance policy will be produced."); Talon Init. Disc. ¶ 4 ("A policy of insurance will be produced.")).

## II. CONSOLIDATION WITH CASES BY TALON AND STRUCTURAL

On 29 March 2013, Talon commenced an action, case no. 7:13-CV-54-BO, arising from the same incident at issue in the instant case against AMEC and Zurich, the surety on the performance and payment bonds for the project. In that action, Talon asserted claims against both AMEC and Zurich for violation of the Miller Act, 40 U.S.C. § 3113 *et seq*. (Talon Compl. (D.E. 1) ¶¶ 31-46) and against AMEC alone for quantum meruit/unjust enrichment (*id*. ¶¶ 47-53), breach of contract (*id.* ¶¶ 54-68), and unfair trade practices (*id.* ¶¶ 69-96).

On 19 April 2013, Structural filed its own lawsuit against AMEC and Zurich, case no. 7:13-CV-77-BO, based on the same incident. Structural asserted claims against AMEC and Zurich for violation of the Miller Act (Structural Compl. (D.E. 1) ¶¶ 10-18) and against AMEC alone for breach of contract (*id*. ¶¶ 19-26) and quantum meruit/unjust enrichment (*id.* ¶¶ 27-31).

In the case brought by Structural, the moving parties served production requests, among other written discovery, on Structural. (*See* AMEC Disc. Reqs. to Structural (D.E. 61-1), Zurich Disc. Reqs. to Structural (D.E. 61-2)). Structural served responses to those production requests

3

in which it represented that it would produce many of the documents sought. (*See* Structural Resp. to AMEC Disc. Reqs. (D.E. 61-3), Structural Resp. to Zurich Disc. Reqs. (D.E. 61-4)).

On 22 October 2013, the court consolidated the separate actions by Structural and Talon into this action. (*See* Consol. Order (D.E. 41)). The court directed that the Scheduling Order entered in this action prior to consolidation governed the consolidated action. (Consol. Order 4). The court subsequently amended the Scheduling Order, extending the discovery deadline to 2 June 2014. (*See* D.E. 54 ¶ 1).

### III. POST-CONSOLIDATION PROCEEDINGS

On 27 November 2013, the moving parties each served on Structural and Talon their first set of requests for admissions, interrogatories, and requests for production in the consolidated action. (*See* AMEC Disc. Reqs. to Structural (D.E. 61-7); AMEC Disc. Reqs. to Talon (D.E. 61-8); Zurich Disc. Reqs. to Structural (D.E. 61-9); Zurich Disc. Reqs. to Talon (D.E. 61-10)). Structural and Talon served timely responses to the discovery requests on 30 December 2013. (Structural Resp. to AMEC Disc. Reqs. (D.E. 61-11); Structural Resp. to Zurich Disc. Reqs. (D.E. 61-12); Talon Resp. to AMEC Disc. Reqs. (D.E. 61-13); Talon Resp. to Zurich Disc. Reqs. (D.E. 61-14)). In response to almost all the production requests, Structural referred back to its responses to the moving parties' discovery in the action brought by Structural in which Structural stated that it would produce responsive, non-privileged documents. (*See* D.E. 61-11, 61-12). In its responses to many of the moving parties' production requests, Talon stated that it would produce responsive, non-privileged documents. (*See* D.E. 61-13, 61-14).

Structural and Talon have failed to produce many of the documents sought in the moving parties' production requests, as well as the insurance policies subject to their initial disclosures,

4

as promised. Their failure came notwithstanding several good faith attempts by the moving parties to obtain production of the outstanding documents from Structural and Talon without court intervention. (*See* D.E. 61-15 to 61-18).

# DISCUSSION

## I. APPLICABLE LEGAL STANDARDS

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires each party to disclose to the other parties certain information or documents without receiving any request for them. Specifically, a party must disclose to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (iii) a computation of each category of damages claimed by the disclosing party-- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
>
> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1).

The Federal Civil Rules also enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents.  *See generally* Fed. R. Civ. P. 26-37.  Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  The rules of discovery, including Rule 26, are to be given broad and liberal construction.  *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sept. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'"  *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)).  The district court has broad discretion in determining relevance for discovery purposes.  *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Rule 34 requires a party served with production requests to serve a written response stating for each request whether production will be permitted and any objections to production.  Fed. R. Civ. P. 34(b)(2)(A), (B).  Service of the response is to be made within 33 days after service of the production requests when by mail.  Fed. R. Civ. P. 6(d), 34(b)(2)(A).  Objections not timely made are waived.  *See, e.g., Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*,

*Inc.,* 246 F.R.D. 522, 528 (S.D. W. Va. 2007); *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001).

Federal Civil Rule 37 provides for motions to compel initial disclosures and responses to discovery requests. Fed. R. Civ. P. 37(a)(3)(A), (B). In addition, Rule 37(a)(5)(A) requires that the moving party be awarded expenses when a motion to compel discovery is granted, absent certain specified circumstances. Fed. R. Civ. P. 37(a)(5)(A). The rule states in relevant part:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(5)(A).

Rule 37 also requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)); *Cassell v. Monroe*, 5:10-CT-3023-BO, 2010 WL 5125339, at *2 (E.D.N.C. 7 Dec. 2010) (denying motions to compel that failed to comply with Local Civil Rule 7.1 certification requirement).

## II. MOVING PARTIES' MOTION

By their motion, the moving parties seek an order compelling Structural and Talon to serve the insurance policies subject to their initial disclosures and the outstanding documents sought in the moving parties' production requests. The document requests at issue are Production Requests Nos. 1, 3, 8-13, and 17-19 to Structural (*see* D.E. 61-11, 61-12) and Production Requests Nos. 1-4, 6-9, 11, and 16-19 to Talon (*see* D.E. 61-13, 61-14).

Having failed to respond to the moving parties' motion, Structural and Talon do not contest the relief the moving parties seek or the grounds advanced for it. Irrespective of the unopposed nature of the motion, the court finds that Structural and Talon have failed to comply with their discovery obligations under Rules 26 and 34 as the moving parties contend. The court has reviewed the moving parties' discovery requests and cannot say that they are outside the permissible scope of discovery. The court therefore ALLOWS the moving parties' motion on the following terms:

1. No later than 25 August 2014, Structural and Talon shall serve on the moving parties copies of the insurance policies required to be disclosed by Rule 26(a)(1)(iv).

2. By the same date, Structural shall also serve on the moving parties all documents sought in their Production Requests Nos. 1, 3, 8-13, and 17-19 that Structural has not already served on them, except as provided below.

3. By the same date, Talon shall also serve on the moving parties all documents sought in their Production Requests Nos. 1-4, 6-9, 11, and 16-19 that Talon has not already served on them, except as provided below.

4. Any objections by Structural and Talon to the foregoing production requests not asserted in their responses to such requests are waived, and they shall not rely on any such unasserted objections as the basis for withholding any documents otherwise ordered to be produced herein. In the event that Structural or Talon withhold documents based on a claim of privilege that was asserted in their responses to the production requests, they shall, to the extent they have not done so, serve with the document production a privilege log in conformance with Rule 26(b)(5)(A). Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed.

5. Structural and Talon shall serve with the document production ordered herein supplemental initial disclosures duly executed pursuant to Rule 26(g)(1)(A) and supplemental responses to the production requests duly executed pursuant to Rule 26(g)(1)(B) and meeting the requirements of Rule 34(b)(2)(B)-(E). The supplemental initial disclosures and supplemental responses to the production requests shall identify by Bates number the additional documents being produced.

### III. EXPENSES

The moving parties do not expressly request the award of expenses incurred in filing their motion to compel. But Rule 37(a)(5)(A) does not require that a moving party request expenses in order to be entitled to them. Particularly in light of the moving parties' efforts to resolve the discovery dispute before filing the motion to compel, and Structural's and Talon's disregard of their obligations under the Federal Civil Rules, the court hereby AWARDS attorney's fees and other expenses incurred by the moving parties in bringing their motion to compel, pursuant to Rule 37(a)(5)(A). The moving parties shall file by 25 August 2014 an affidavit setting out the

9

reasonable attorney's fees and other expenses they claim, along with a supporting memorandum and any other supporting documents. Structural and Talon may file a response to the moving parties' filing within 14 days after it is served. They may address in their response not only the reasonableness of the expenses claimed by the moving parties, but also any grounds upon which they contend expenses should not be awarded against them and the allocation of liability for any expenses awarded between them and their counsel. If Structural and Talon do not timely file a response, the court will deem them to have no objection to the fees and other expenses claimed by the moving parties. The court will thereafter enter an order setting the amount due and the deadline for payment.

## CONCLUSION

In sum, for the reasons and on the terms set out above, the moving parties' motion to compel (D.E. 61) is ALLOWED and the moving parties shall be awarded the reasonable attorney's fees and expenses they incurred in bringing their motion. **Failure by Structural and Talon to fully and timely comply with this Order shall subject them to the imposition of sanctions, which may include dismissal of their claims with prejudice and entry of default judgment against them.** *See* Fed. R. Civ. P. 37(b)(2)(A), (C).

SO ORDERED, this the 8th day of August 2014.

_____
James E. Gates
United States Magistrate Judge

10

Case 7:13-cv-00021-BO   Document 94   Filed 08/08/14   Page 10 of 10